**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHERWIN HEIDARI,
Petitioner,

v.

No. 95-3137

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order of
the Board of Immigration Appeals.
(A70-694-075)

Submitted: October 29, 1996

Decided: December 13, 1996

Before WIDENER and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Joan E. Smiley, Senior Litiga-
tion Counsel, Lisa M. Arnold, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sherwin Heidari appeals from the Board of Immigration Appeals' affirmance of the Immigration Judge's order denying asylum or withholding of deportation. We affirm.

During his teenage years Heidari's parents arranged for him to be smuggled out of Iran in order to avoid conscription in the Iranian army. He entered the United States on a nonimmigrant visa and applied for political asylum prior to the expiration of that visa. At a deportation hearing Heidari conceded deportability, but requested asylum or withholding of deportation based upon a well-founded fear of persecution under the Refugee Act, 8 U.S.C. § 1101(a)(42)(A) (1994). To be eligible for a discretionary grant of asylum under this Act, an alien must demonstrate that he has been persecuted, or has a well-founded fear of persecution, in his native country on account of race, religion, nationality, membership in a particular social group, or political opinion. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). We find Heidari's alleged social group--well traveled, educated, secular, Westernized youths speaking three languages fluently who are also draft evaders--is not one recognized as falling within the type of group envisioned by § 1101(a)(42)(A).

We note, however, that draft evaders are considered to constitute a special category of refugees and that, although generally penalties imposed for draft evasion are not considered persecution, asylum may be granted where: (1) the alien would be associated with a military whose acts are condemned by the international community as contrary to the basic rules of human conduct; or (2) the alien's refusal to serve would not result in normal draft evasion penalties, but in disproportionately severe punishment on account of: race, religion, nationality, political group, or a particular social group. M.A. v. INS, 899 F.2d 304, 312 (4th Cir. 1990) (en banc).

2

Heidari argues that the latter exception--disproportionately severe punishment--applies to his claim. We find, however, that he has failed to demonstrate that he will receive a more severe punishment upon his return than any other draft evader on account of one of the five enumerated factors. Accordingly, he has failed to establish an entitlement to asylum. See M.A. v. INS, 858 F.2d 210, 215 (4th Cir. 1988) ("One who shows only that he will be punished the same as any other draft evader or deserter in his country, does not state a valid claim of persecution."), vacated on other grounds, 866 F.2d 660 (4th Cir. 1989).* We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Heidari's inability to meet the lesser burden required for asylum nec-essarily dictates his inability to sustain the more stringent burden required for withholding of deportation. Huaman-Cornelio, 979 F.2d at 1000. Accordingly, we affirm the BIA's denial of that request as well.

3